Ladies and gentlemen, um, I'm going to state for everybody's benefit that we also have with us here this morning. Judge Alana Rovner, who is on the video screen. You will see her at the podium on. We can see her, but the rest of you cannot. But you will be able to hear her, and she is participating in these arguments. So our first case for this morning is Milwaukee Police Association against the city of Milwaukee. Mr. Sir. Good morning, Jonathan Sir. Mellie on behalf of the appellants, Milwaukee Police Association, Michael Crivello and Joseph Andrew. It's a privilege and an honor to be here. Um, we're here today on appeal from district court's decision on a 12 C motion. The issues are twofold. First, whether the city is applying its residency zone retroactively to police officers who had moved outside of what would eventually become the city's between 2013 when the state was when Wisconsin Legislature enacted a law that prohibited residency from being used for municipal employment purposes in 2016 when the city eventually imposed its own. The second issue would be if so, in other words, if that zone is being applied retroactively, whether that retroactive application violates due process. So would you agree that it? What? How? The ordinance is retroactive, retrospective rather. It doesn't attach any penalty for something police officer has done in the past, uh, in such a way that the officer cannot avoid the penalty. It instead imposes a going forward requirement that the officer can apply with and thereby avoid the penalty. If you could explain that to me, I will try. Yes, ma'am. Um, both this court in the Mosey decision, the U. S. Supreme Court in the Bennett decision and the Wisconsin Supreme Court in Martin, Neiman and Matthews, three cases look at retroactive or retrospective application of a law in the following manner. Number one, did a right exist? Now, the courts use different terms. Some say a substantive right. Others say did the right accrue? And in this and Bennett, the Supreme Court said did the right mature? But if the right existed and the new law adversely affects that right, then there is a retroactive or retrospective application of the law. But I still don't understand what right it is you're you are postulating that if under Wisconsin law, no legal violation occurred when somebody arranged for residents, whether a purchase of a home, whether a lease of an apartment doesn't matter. And no one is punishing these people for choosing to live outside the 15 mile zone during that period. It's just as in the Andre case going forward, they need to change their residency if they want to continue working for the city of Milwaukee. It's similar to Andre, but it's different in one significant respect. Andre specifically found that the ordinance at issue in that case, the preexisting ordinance, provided no right whatsoever that the plaintiffs in that case could rely upon to live or reside wherever they want to. And this ordinance doesn't either. It just says unless or until Milwaukee passes, I mean, let's put to one side, by the way, all of the litigation about home rule, the whole business with the Black case, but it just says you have a contingent right. But if the city decides to take advantage of what the state foresaw, that they may want emergency personnel nearby, then that's the rule. I don't see why that's an untrammeled right that says from now until the end of time, you can live in Eau Claire and still work for the city of Milwaukee. The law does not say from now until the end of time, anything happens. But your position is from now until the end of time, if somebody moved to that further out area, you think they can keep working for Milwaukee until retirement? My position is rather narrow. We have a small number of individuals who acted on the right created by the legislature to reside wherever they wanted to. This statute the legislature passed put the onus on a municipality, if it desired to impose a zone on emergency personnel, to do so, to impose it. The legislature didn't say a zone will exist. The legislature said as of July 2, 2013, residency may no longer be used as a condition of municipal employment throughout the state. That necessarily means that people could live where they wanted to. But then it says a municipality can have a residency rule for emergency personnel requiring that they live within 15 miles. It doesn't say accept people who already live further out. It just says you can have this rule. What it does say, your honor, is that the municipality or a governmental unit may, quote, impose, unquote, a residency requirement. So the city... To which everyone must, with which everyone must comply. The city had the right to impose that. And it did. It did not for three years. Doesn't matter. It did, and as of then, people have to comply with it. I think the Wisconsin Supreme Court and the case law out of that court would say that's not the way we analyze things. I think... But you know, let's talk in terms of the equities. Weren't the police officers always on notice that the city might adopt the 15-mile rule that had been authorized by the state's The day the statute took effect, the city adopted an ordinance stating its intent to continue enforcing the residency rule. And then it adopted the 15-mile rule as soon as it lost the black litigation. So surely the police officers were on notice that the city, if it lost the black lawsuit, might adopt the 15-mile requirement. I guess, your honor, the police officers might have been on notice, as you say, that the city, quote, might have, unquote, adopted the 15-mile requirement, but the city never said one iota, never made it part of their resolution, never told any police officer, never publicly pronounced that they would impose a zone in the event that they were unsuccessful in the home rule litigation in black. The city could have easily done that, and I point that out in my brief. It would have been entirely consistent with their We think we have home rule authority over this, so we're not complying with the law. And, but by the way, if we're wrong, we're imposing this zone. That would have taken any claim that my clients would have had away. The city didn't do that. Didn't do anything for three years. I don't see why that changes the legal position of your clients. Just some press release from the city. Well, I didn't mean to interrupt you, but I think what that In other words, once you do find retroactive or retrospective application of the law, then the question is, well, so what? Is it okay, or does it violate due process? Can you think of any example of retrospective application of the law under which it is clear that the person has not violated anything during the earlier period, and simply going forward six months hence, nine to do something different? Because there was a period, first of all, there was a three month delay in the effective date of the new stat, of the new ordinance, and then there was a six month period to come into compliance, which takes us up to nine months, and there was a hardship provision as well. So the person is absolutely clean from a legal standpoint with respect to the past. They haven't violated anything. Why is that retrospective application of the law? But for the fact that they acted on the right that the legislature provided them during those three years? Here we go again, yeah. They would not then be punished. And they didn't violate any law when they did that. They could buy 15 houses outside of 45 miles away from Milwaukee if they wanted, and they would have been completely in compliance with the law. It's just that they had no long term expectation of being able to retain their position as emergency personnel and stay there. Well, that might eventually be the decision of the district court if this court remands. But I think on a 12C motion, we're getting a little bit far afield from what the legal standard is. But it's a legal question. We have to look at the effect of first, the Wisconsin statute, secondly, the July 2016 ordinance. I don't know why we need district court activity there. We have to look at that. But the question on this appeal, the primary one, is whether the defendant proved beyond a doubt that there's no possible way that we can make a claim. That's different than a summary judgment motion. That's a legal question about the effect of these two enactments, right? Yes, it is a legal question. I noticed my white light is on. All right. If you'd like to save your rebuttal time, that would be fine. Mr. Mukamal. Yes. Good morning, Your Honor and Your Honors, and may it please the court. I'm Stuart S. Mukamal, Assistant City Attorney for the City of Milwaukee, representing the appellee. How many officers are affected by this interim period? Not very many, Your Honor. I actually made an inquiry recently, and as it turns out, the information I got indicated that there were only, I think, 19 that had applied for extensions or exceptions, and then another three or so that we hadn't heard from yet, and all the others had come into compliance. Do you know how all these extensions are granted? By the Fire and Police Commission, Your Honor. That's our administrative body. Yes, but how often? They present their individual situations in a regular hearing. I've seen agendas where this matter is on the agenda, and as far as I know, all of the ones that have been ruled on have been granted. Many of them deal with... I remember one, for example, the officer who was going to retire in September of this year. He was living outside the zone. They granted him the extension, and there are similar situations like this. There's also a provision in the rules of the Fire and Police Commission. If a woman is married to a spouse that's subject to a similar residency requirement from another jurisdiction, they will adjust to fit that circumstance. Usually, and I don't have firsthand knowledge because I don't represent our Fire and Police Commission, but they've been pretty understanding with exigent individual circumstances. That's why we have the rule, but in fact, there was a provision in the rules that allowed for an automatic six-month extension once this new residency rule took effect last October. By the way, the reason for the court's edification for the three-month delay is that that's how our charter amendment procedure works, and this was an amendment to the city charter. It wasn't simply an ordinance. Our residency requirement previously, which had been in effect for 75 years until 2013, was also in the city charter, so that provision had to be amended, and that accounts for how this evolved. So by my count, you're just coming up on the six months after October. Next week, Your Honor, and I know that there is a meeting of the Fire and Police Commission this Thursday, and I think there is a small group of individual requests that are being heard during that meeting. I looked at the agenda just recently, but that's how these individual circumstances are adjusted, but I think Your Honor is correct. There are only a very small number of officers that are affected. There are also some firefighters that are affected, and I know that there are some fire city employees who are emergency personnel. I got that based on an inquiry from our Department of Employee Relations just last week. I mean, because it does strike me that it can be a significant hardship for someone who, let's say, purchased a home and suddenly thought they were okay, and all of a sudden is told, no, actually you have to live within 15 miles of the city of Milwaukee. If this was a constitutional case, people would have lost their jobs over this. They could have. However, this is a constitutional substantive due process case, and we have to evaluate it according to whether there is a substantive right to say, hey, I don't have to bear this hardship. The answer is clearly no, and I think the colloquy between the court and my worthy colleague brought that out. This is not a constitutional case. The Andre case established it. In this respect, this case is no different than Andre's. Although Andre was a much longer time. It was a longer time. Recall two to four years that people had. It was a much longer time. However, it was a much smaller area. You had to move within the confines of the village of Maywood. In this case, the zone that we're talking about is a huge land area. You're talking about the southern reaches of Port Washington, all the way down to almost Racine, and west of the city of Milwaukee. Passed Waukesha. That's a very liberal residency area within which police officers, firefighters, and other emergency personnel could have lawfully resided, and the public purpose behind this type of response statute is obvious. The balancing test that the case is cited by my colleague indicated require a rational basis. The rational basis for a 15-mile zone for emergency personnel is obvious. There was a case that this circuit decided back in 2004, Guswell versus City of Wood River. In that case, your circuit found that there was a rational basis for imposing a residency requirement on a golf course mechanic. Well, obviously, if there's a rational basis for that, there's certainly a rational basis for this. Additionally, all of these tests, the rational basis test, balancing test, only apply if, number one, the statute or ordinance in this case is retroactive, and number two, if there is a substantive right to be had. In this instance, there's neither. The state established that this isn't retroactive, and black established that there's no substantive right. Well, yeah, I mean, so that's where your opponent really, I think, puts most of his eggs, that when the state law was passed, people thought, oh, we're not going to be burdened with residency requirements anymore, and ordinary people, unlike lawyers who may not be ordinary people, don't sit around watching court dockets all the time. So even though the black case is filed pretty promptly, and the city's making announcements like, we don't think this applies to us, in fact, there's a state law, and people rely on state law. Well, there is perhaps an expectation at that point, but it's not a right. It's not a settled expectation. Number one, the city did put out notices saying that it intended to enforce its residency requirement immediately upon the enactment of 660502, claiming that- Did those notices go to all city employees? It went to all police stations. I know that. I know it was circulated by the police department. Other city departments, I'm not quite sure. Secondly, it was in the papers constantly. This was a very prominent case or item at the time, but thirdly, in terms of the legal posture of this case, it doesn't matter. If the ordinance was prospective, the debate ends there, and Andre establishes that the ordinance was prospective. Beyond that, it became clear in the black case that regardless of the policy considerations or the equities, there's no constitutional substantive due process right that attaches here, and that's all that's before the court on the 12C motion. Finally, even if those two barriers are surmounted, then you get into the rational basis test and the balancing test, and as explained in my brief, the city satisfies both tests and satisfies them rather easily, so I just don't see where they're going with this argument. I realize it must be frustrating for them. They've tried their best. I just don't see how it succeeds, and certainly, I believe that the district court got it right in all respects, and it should be affirmed, and I very much appreciate your time and consideration. Okay, thank you. Any further questions, Judge Roper? No, but thank you. Thank you, Judge Roper. All right, thank you very much. Mr. Sermele. Mr. Meele. Thank you. First, as to the issue of notice, what the city did was they put out no notice that they would impose or may impose a zone. The only notice they put out is that they were not going to follow the state statute, and they were going to continue to require residency within the city's jurisdictional limits. So does the record show whether some people, notwithstanding that notice, moved outside the 15-mile zone at that time? The record does not show when people moved out of the city or what would eventually have become the zone. As to the issue of substantive right that Mr. Muckamal talked about, all we have to do is look at guaranteed trust. The United States Supreme Court said 70 years ago what a substantive right is, and a substantive right is the pronouncements of laws from the states, and Wisconsin has followed that. The question as to whether or not the Black decision, which was essentially limited to home rule authority and then it had the other little issue about a liberty interest, Black never mentioned the term substantive right. It's not in the decision. It was never mentioned. What Black did was decide, did 660502, the same statute we're dealing with today, did that give rise to a liberty interest? And if so, then did the city violate substantive due process when the mayor said we're going to continue to enforce our residency rule regardless of what the law said? Wisconsin Supreme Court said it doesn't rise to a liberty interest, and that executive action did not shock the conscience. We're not talking about executive action in this case. We're talking about legislative action. And with all due respect to Judge Stadmuller, I believe he got that wrong. The standard is not whether or not the action in this case shocks the conscience. That's not the proper standard. The standard is, as Mr. Muckamal talked about, when you're dealing with legislative action, dealing with a non-fundamental right, a rational basis. We posit that there is no rational basis to apply the ordinance to people who have already acted on a right identified by the legislature. But again, that's something that's more appropriately addressed in a summary judgment motion as opposed to a 12C motion. The other thing is, I'm not asking this court to throw Andre away or to overrule Andre. Andre was a case that made sense because there was no pre-existing right. The court went to lengths explaining that. So given that there was no pre-existing right, what did this circuit do? It looked at whether or not those plaintiffs were being punished for future action. Now, what Mr. Muckamal has done, he's a smart guy, I like him a lot, he's kind of turned that on his head and said, the only thing you need to look at with regard to Andre is future punishment. And with all due respect, that's not what this circuit stated in 1978. Finally, I believe that the plaintiffs in this case and others similarly situated absolutely had a right to reasonably rely on what the Wisconsin legislature identifies as public policy throughout the state. And to act on that, and they did. Because they did, now they're being told, move back into the zone or you're going to be fired. What if I can't move back in? What if I can't sell my house? Now I have to have two mortgage payments. I noticed that the light's off. I think you understand my position. You have time to wrap up. Thank you, I've done so. All right, thank you very much. Thanks to both counsel. We'll take the case under advisement.